```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **ALLEN FEINGOLD** | : | CIVIL ACTION |
| v. | : | |
| **LIBERTY MUTUAL GROUP, et al.** | : | NO. 13-743 |

<u>MEMORANDUM</u>

BARTLE, J.                                                   APRIL 22, 2013

     Plaintiff Allen Feingold, a disbarred lawyer with a history of filing frivolous actions,[1] has filed a pro se complaint against Liberty Mutual Group, Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Guard Auto Company (collectively "Liberty defendants"), and Barbara Quinn, individually and in her capacity as the executrix of the estate of Theresa Thompson. The Court, which has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, granted him leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

     Plaintiff has recently filed an amended complaint. Pursuant

---

[1] Feingold was disbarred in 2008. <u>See</u> <u>Feingold v. Graff</u>, Civ. A. No. 12-1090, 2012 WL 2400998, at *2 (E.D. Pa. June 26, 2012), <u>aff'd</u> 2013 WL 1165364 (3d Cir. Mar. 22, 2013). He has recently been sanctioned by the Pennsylvania Superior Court and the Third Circuit Court of Appeals in light of his frivolous filings. <u>See</u> <u>Feingold v. Graff</u>, No. 12-2999, 2013 WL 1165364, at **5-6 (3d Cir. Mar. 22, 2013) (per curiam) (requiring Feingold to pay the appellees' costs and fees on appeal and "warn[ing] Feingold that if he continues to file frivolous civil appeals . . . , he risks the imposition of sanctions, including being enjoined from filing future civil appeals"); <u>Feingold v.</u> <u>Hendrzak</u>, 15 A.3d 937, 943 (Pa. Super. Ct. 2011) (ordering Feingold to pay counsel fees, sua sponte, because Feingold "filed this frivolous lawsuit and subsequent appeal to vex Appellees with complete disregard for our court system, our rules of civil procedure, and the legal profession").

1

to 28 U.S.C. § 1915(e)(2)(B), we must determine whether the action is frivolous or malicious or whether it fails to state a claim upon which relief may be granted.

I.

In this action, Feingold seeks to recover attorneys fees allegedly owed to him by Quinn and her decedent, Theresa Thompson, as a result of legal services he provided, mainly in connection with litigation brought by Thompson against the Liberty defendants. This action is one of three lawsuits that Feingold filed in this Court related to his representation of Thompson.

Thompson was injured in a car accident in 1997. She thereafter retained Feingold to represent her in connection with a claim she filed with the Liberty defendants for uninsured motorist benefits. After making a demand upon the Liberty defendants, Feingold, as Thompson's attorney, filed a petition to compel arbitration in the Philadelphia Court of Common Pleas. An arbitration was ultimately held on February 4, 2003, resulting in an award in favor of Thompson.

Feingold alleges that the Liberty defendants refused to pay the award unless Thompson first pursued a claim through another policy that may have been available to her with Allstate Insurance Company ("Allstate"). Accordingly, Feingold filed a petition to compel arbitration against Allstate in state court. On August 20, 2004, the judge dismissed that petition and "directed [Thompson] to file a Petition to Confirm the

2

Arbitration Award against the [Liberty defendants] so that judgment could be entered on the award and same paid." (Am. Compl. ¶¶ 22-23.)

Nearly seven years passed before any such petition was filed. Thompson passed away in 2008, the same year that Feingold was disbarred, without having paid Feingold for his services. On June 3, 2011, Quinn, as executrix of Thompson's estate, filed a petition to confirm the arbitration award, and the state court entered judgment on the award. Instead of paying the award, the Liberty defendants initiated additional litigation in state court.

Thereafter, Quinn, as the executrix of Thompson's estate, filed a bad faith action against the Liberty defendants in this Court, pursuant to 42 Pa. Cons. Stat. § 8371. See Feingold v. Liberty Mut. Grp., Civ. A. No. 11-5364 (E.D. Pa.). Feingold joined that action as a plaintiff pursuant to an assignment with Quinn purporting to transfer 40% of the estate's interest in the bad faith case to him to compensate him for legal fees owed by Thompson. The Court dismissed Feingold as a plaintiff, concluding that he lacked standing because the assignment was void under Pennsylvania law. Feingold v. Liberty Mut. Grp., 847 F. Supp. 2d 772, 777-78 (E.D. Pa. 2012). In the meantime, the Liberty defendants paid Quinn $134,744.38 in full satisfaction of the judgment and interest due.[2] Id. at 774.

---

[2]The bad faith action proceeded without Feingold, and the Court recently granted summary judgment to the Liberty

3

In response to the Court's invalidation of the assignment, Feingold filed a lawsuit against Quinn, in her individual capacity and as executrix of Thompson's estate, for the recovery of legal fees incurred by her and Thompson for a "wide array of matters" including Feingold's representation of Thompson in connection with her claim against Liberty defendants. Feingold v. Quinn, Civ. A. No. 12-3503 (E.D. Pa.) (Am. Compl., Document No. 4, at ¶ 4). Feingold also alleged that Quinn and Thompson acknowledged their debt to him and promised to pay the fees owed. Quinn file a third-party complaint against one of the Liberty Mutual companies on the basis that most of the debts alleged by Feingold were generated as a result of the Liberty defendants' alleged bad faith in failing to pay Thompson on her claim. Feingold v. Quinn, Civ. A. No. 12-3503, 2012 WL 6061121, at *1 (E.D. Pa. Dec. 6, 2012). This Court dismissed the third-party complaint because Quinn failed to assert a valid claim for indemnity or contribution. Id. at *2.

After unsuccessfully moving for reconsideration of the Court's dismissal of Quinn's third-party complaint, Feingold filed this action against Quinn and the Liberty defendants. The factual recitations of the amended complaint are a combination of his pleadings from the two prior related actions. Feingold asserts contract and/or quantum meruit claims against Quinn based on her and Thompson's failure to pay legal fees owed. He

---

defendants. Feingold v. Liberty Mut. Grp., Civ. A. No. 11-5364 (E.D. Pa.) (Document Nos. 81 & 82).

4

contends that the Liberty defendants are also liable to him because (1) their alleged bad faith in failing to pay Thompson's arbitration award prevented Thompson and/or Quinn from paying his fees; and (2) they promised to pay the arbitration award if Feingold brought a claim against Allstate on Thompson's behalf, yet failed to pay after such a claim was filed and dismissed.

II.

Feingold, as noted above, is proceeding in forma pauperis. Accordingly, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss the amended complaint if it is frivolous or malicious or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is premised upon "an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, if an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).

5

A plaintiff "ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc). "[A] district court may stay or dismiss a suit that is duplicative of another federal court suit." See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). Here, Feingold's claims against Quinn are identical to, and therefore duplicative of, those raised in his earlier-filed case against Quinn, which is currently in the midst of discovery. See Feingold v. Quinn, Civ. A. No. 12-3503 (E.D. Pa.). Thus, the Court will dismiss Feingold's claims against Quinn, in her individual capacity and in her capacity as executrix of Thompson's estate, without prejudice to Feingold's ability to proceed with those claims in the earlier-filed action, Civ. A. No. 12-3503.

The Court will dismiss plaintiff's claims against the Liberty defendants with prejudice because they are frivolous. As noted above, Feingold suggests that the Liberty defendants' alleged bad faith refusal to pay the arbitration award caused Quinn's failure to pay Feingold's fees, thereby rendering them directly liable to Feingold. Pennsylvania's bad faith statute allows a court to award punitive damages against an insurer that "has acted in bad faith *toward the insured*." 42 Pa. Cons. Stat. § 8371 (emphasis added). To the extent that Feingold is attempting to bring a bad faith claim against the Liberty defendants in his own right, his claim fails for lack of standing

6

because, as explained in this Court's memorandum invalidating his assignment with Quinn, he "is not an insured under the bad faith statute." Feingold, 847 F. Supp. 2d at 777. To the extent Feingold is asserting that the Liberty defendants are otherwise liable to him in tort, there is no legal basis for his claims. See Graff, 2012 WL 2400998, at **1 & 4-5. In any event, Quinn did not prevail in her bad faith action against the Liberty defendants and has now received full payment from the Liberty defendants for any monies owed to Thompson. See supra n.2.

Feingold also asserts a contract claim against the Liberty defendants based on their alleged promise to pay the arbitration award if Feingold pursued a claim against Allstate on Thompson's behalf. That contract claim is also legally baseless because the alleged promise was made to Feingold in his capacity as Thompson's attorney. Any contract that existed was with Thompson, not Feingold. "It is well established that a person acting as an agent for a disclosed principal is not, in the absence of special circumstances, a party to the contract." See Marano v. Granata, 24 A.2d 148, 149 (Pa. Super. Ct. 1942). In any event, the alleged breach of contract occurred in August of 2004, when the state court dismissed Thompson's claim against Allstate and invited Thompson to petition for entry of judgment on the arbitration award. In light of the four-year limitations period governing contract claims, see 42 Pa. Cons. Stat. § 5525, this action, which was filed in February 2013, is clearly time-barred.

7

III.

For the foregoing reasons, the Court will dismiss Feingold's claims against Quinn without prejudice to his ability to pursue those claims in <u>Feingold v. Quinn</u>, Civ. A. No. 12-3503 (E.D. Pa.). Feingold's claims against the Libery defendants will be dismissed with prejudice. Feingold will not be permitted to file any further amendments to his pleading because to do so would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).